UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEROY LIVINGSTON,

    Petitioner,

v.                                                                              Case No. 3:20-cv-357-J-34MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

### **ORDER**

Petitioner Leroy Livingston, an inmate of the Florida penal system, filed via mailbox rule a pro se Motion to Toll 2254 Time Limit (Motion; Doc. 1). The Clerk opened a new case based on the filing of the Motion. In the Motion, Livingston asks the Court to toll the statute of limitations for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, because he has limited access to the law library due to a lockdown in response to the COVID-19 pandemic. Motion at 1. According to Livingston, his one-year statute of limitation for filing a federal habeas petition is currently tolled due to pending state court collateral proceedings and he has 218 days remaining in which to file his federal petition. Id. at 2. However, Livingston has two concerns: (1) the lockdown will prevent him from timely prosecuting and completing his proceedings in state court and initiating

proceedings in this Court and (2) that prison officials could eventually implement even more restrictive lockdown measures. Id. In light of these concerns, Livingston requests that the "Court consider the time to file his 2254 tolled from the date this motion is filed (per mailbox rule) until Governor Desantis lifts the state of emergency and FDOC officially returns to normal operations." Id. at 3.

The Court acknowledges the difficult circumstances the pandemic has caused on all facets of life, including life in prison;[1] however, the Court does not have the authority to grant the requested relief. First, Livingston has not properly initiated a civil action. Without a petition before the Court, and Livingston makes clear the Motion is not a petition, Motion at 3, there is no case or controversy before the Court. See Swichkow v. United States, 565 F. App'x 840, 844 (11th Cir. 2014) ("Here, because Swichkow had yet to file an actual § 2255 motion at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard. Thus, the district court properly concluded that it lacked jurisdiction to consider Swichkow's requests for an extension of time to file a § 2255 motion absent a formal request for habeas relief."); Broadnax v. Jones, No. 3:15CV341-RV/CAS, 2015 WL 4977311, *1-2 (N.D. Fla. Aug. 4, 2015), report and recommendation adopted, No. 3:15CV341-RV/CAS, 2015 WL 4977298 (N.D. Fla. Aug. 20, 2015) (holding petitioner's request for an extension of time to file a § 2254 petition was premature and court had no authority to grant an extension of the one-year statute of limitations period where petitioner failed to file an actual habeas petition); see

---

[1] While understandable, Livingston's concerns are speculative at this point. Many jurisdictions have taken precautions to ensure court proceedings are equitable during the pandemic. The Court encourages Livingston to continue to work diligently in the prosecution of his state court proceedings, including, if necessary, submitting pleadings or motions without the assistance of prison law clerks.

also Woodford v. Garceau, 538 U.S. 202, 208 (2003) (noting "that a habeas suit begins with the filing of an application for habeas corpus relief-the equivalent of a complaint in an ordinary civil case."); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). In light of the fact that no federal habeas petition has been filed, the Court is without jurisdiction to consider a motion to toll the statute of limitations.

Second, even if the Court had jurisdiction it would not have the authority to grant the requested relief because the statute does not authorize the Court to sua sponte toll the statute of limitations. See generally 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Likewise, the principle of equitable tolling is an after-the-fact analysis of circumstances that may have prevented a petitioner from timely filing and does not authorize a court to grant prospective relief on equitable grounds. See generally Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (holding a petitioner establishes equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."). As such, the Motion is due to be denied and this case is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Motion (Doc. 1) is **DENIED**.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of April, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Leroy Livingston

4